IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALETTA NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-1400-M |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Waletta Newton ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. United States District Court Chief Judge Vicki Miles-LaGrange referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, the administrative record ("AR"), and the parties' briefs, and recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

I.   **Administrative proceedings.**

In support of her application for benefits, Plaintiff alleged that her impairments became disabling in August 2005. AR 133. Plaintiff's claim was denied and, at her request, an Administrative Law Judge ("ALJ") conducted a hearing. In his July 2011 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 24. The Social Security Administration's Appeals Council declined Plaintiff's request for review, *id.* at 1-7, and Plaintiff now seeks review in this Court. Doc. 1.

II.  **The ALJ's findings.**

The ALJ found that Plaintiff has not engaged in substantial gainful activity from August 2005 through December 2010, and has severe "status post two right carpal tunnel releases; status post spinal cyst removal; degenerative joint disease/osteoarthritis with chronic pain, particularly right shoulder and neck; status post right brevis and longus tendon rupture; moderate obstructive sleep apnea; hypertension; obesity; major depressive disorder, recurrent, severe, without psychotic features; panic attacks with agoraphobia; and obsessive-compulsive disorder." AR 14. The ALJ then found that Plaintiff has the residual functional capacity ("RFC")[2] to perform less than a full range of light work with

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

exertional and non-exertional limitations. *Id.* at 18-19. Finally, the ALJ adopted the vocational expert's ("VE") testimony that Plaintiff can perform jobs existing in significant numbers in the national economy. *Id.* at 23-24.

## III. Standard of review.

This Court's review is limited to whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial

3

burden of proving she has one or more severe impairments.  *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If she carries that burden, the ALJ will conduct a RFC assessment to determine what if anything the claimant can still do despite her impairments.  *See* 20 C.F.R. § 404.1545(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993).  Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## V. Plaintiff's claims of error.

Plaintiff raises multiple claims of error; however, because reversal is necessary based on the ALJ's failure to identify precisely how long Plaintiff is able to sit without changing positions, the undersigned has not addressed Plaintiff's remaining claims.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Analysis.

When an ALJ finds that a claimant is unable to perform a full range of work, his "description of his findings in his hypothetical and in his written

4

description must be particularly precise." *Vail v. Barnhart*, 84 F. App'x 1, 4-5 (10th Cir. 2003). For example, "how long a claimant can sit without a change in position is . . . relevant to assumptions [of] whether [she] can perform light work." *Id.* at 5. Preciseness in the hypothetical question is important because "when a claimant can perform less than the full range of work in an exertional category, a vocational expert's testimony about what jobs [she] could perform becomes particularly valuable." *Id.*; *see also* SSR 83-12, 1983 WL 31253, at *4 (noting that because most unskilled jobs are structured so that a person cannot ordinarily sit or stand at will, a VE's testimony regarding such a restriction's implications on the occupation base is particularly important).

The ALJ found that Plaintiff cannot perform a full range of light work and needs "a sit/stand option." AR 19. However, in neither his decision nor his hypothetical question to the VE did the ALJ define how often Plaintiff is able to sit without standing or changing positions. *Id.* at 19, 59-60. Under such circumstances, both the decision and hypothetical question lack "key facts" and the VE's testimony cannot provide substantial evidence to support the ALJ's decision. *Vail*, 84 F. App'x at 5 (reversing the ALJ's decision that the claimant could perform less than the full range of light work "with brief changes of position" because the opinion "did not properly define how often [the claimant] would need to change positions" and the hypothetical question lacked the same

5

detail); *see also Maynard v. Astrue*, 276 F. App'x 726, 731 (10th Cir. 2007) (reversing because the ALJ's hypothetical question "provided no specifics to the VE concerning the frequency of any need [the claimant] may have to alternate sitting and standing" and was "therefore flawed as it pertains to a sit-stand option" and holding that in such circumstances, the VE's testimony "is not . . . reliable");[3] *Fairbanks v. Astrue*, No. 6:06-cv-01206-MLB, 2007 WL 2176029, at *1, *2-4 (D. Kan. June 12, 2007) (unpublished order) (adopting magistrate judge's finding that the ALJ's opinion and hypothetical question stating that the claimant could perform less than a full range of light work with "alternate sitting and standing" was insufficient in the absence of findings involving the limitation's frequency and holding that remand was necessary "for the purpose

---

[3] In *Maynard*, the claimant was found capable of performing less than a full range of sedentary work and the court therefore relied in part on SSR 96-9p. 276 F. App'x at 731. That agency regulation explains that when a claimant is unable to perform less than a full range of sedentary work, "'[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.'" *Id.* (quoting SSR 96-9p, 1996 WL 374185, at *7). Because the question of how often a claimant can sit without changing positions is equally important when light work is involved, *see* 20 C.F.R. § 404.1567(b), courts have frequently relied on SSR 96-9p when assessing opinions that a claimant cannot perform a full range of light work. *See e.g., Vail*, 84 F. App'x at 4-5; *see also Verstraete v. Astrue*, No. 11-1404-SAC, 2013 WL 238193, at *3-5 (D. Kan. Jan. 22, 2013) (unpublished order) (discussing the application of SSR 96-9p, SSR 83-12, and the relevant case law and noting that the courts "have clearly and consistently indicated since 2000 that the RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing when plaintiff is limited to light or sedentary work").

6

of having the ALJ include in his RFC findings and in his hypothetical question to the VE the specific frequency of plaintiff's need to alternate sitting and standing in order to determine its impact on plaintiff's ability to perform . . . other work in the national economy").

Moreover, the undersigned finds that the ALJ's error is not harmless. For example, Plaintiff testified that she can generally sit for only about thirty minutes to one-hour before needing to change positions. AR 52-53. But the ALJ discounted Plaintiff's overall credibility, *id.* at 20, and the Court can only speculate as to whether the ALJ adopted or rejected that precise testimony. And even if the Court assumed that Plaintiff can in fact sit for thirty minutes to one hour, the VE was not asked to consider that evidence. Thus, again, the Court can only speculate as to whether Plaintiff can actually perform the relevant jobs. For these reasons, remand is necessary.

## VII.  Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this report and recommendation by the 20th day of October, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to

make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of September, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE