# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WALETTA NEWTON, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-12-1400-M
)
CAROLYN COLVIN, )
ACTING COMMISSIONER, )
SOCIAL SECURITY ADMINISTRATION, )
)
        Defendant. )

## ORDER

Before the Court is plaintiff's attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed February 2, 2015. On February 3, 2015, defendant filed her response. Upon review of the parties' submissions, the Court makes its determination.

On November 21, 2013, this Court entered a judgment in favor of plaintiff, reversing the Administrative Law Judge's decision and remanding the case for further proceedings. Plaintiff filed a motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), and on December 13, 2013, the Court awarded attorney fees pursuant to the EAJA in the amount of $4,480.50. On remand, the Social Security Administration issued a decision awarding past due benefits in the total amount of $66,672.90. Plaintiff's attorney now moves this Court, pursuant to 42 U.S.C. § 406(b), to approve an award of attorney fees in the amount of $16,668.23.

Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but

> subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The United States Supreme Court has concluded:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal citation omitted). Further,

> [i]f the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 808 (internal citations omitted).

Having carefully reviewed plaintiff's attorney's motion, the Court finds that plaintiff's attorney's motion for attorney fees was filed within a reasonable time of when he received the notice of entitlement to receive fees under Title II. The Court further finds that an award of $16,668.23, which is twenty-five percent of plaintiff's past due benefits awarded, is reasonable for the services plaintiff's attorney rendered in this case. Accordingly, the Court GRANTS plaintiff's attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [docket no. 22] and, pursuant to 42 U.S.C. § 406(b), AWARDS plaintiff's attorney an attorney fee in the amount of $16,668.23, to be paid out

of the past due benefits plaintiff received by reason of the judgment in this case. The Commissioner of the Social Security Administration shall pay said fees directly to plaintiff's attorney Miles L. Mitzner of Mitzner Law Firm, PLLC. Further, pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), plaintiff's attorney will refund to plaintiff the $4,480.50 in EAJA fees previously awarded.

**IT IS SO ORDERED this 6th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE